ROIG COMMERCIAL BANK, Plaintiff and Appellee, *v.* R. RIANCHO & Co., Defendant, and MANUEL PASCUAL, Defendant and Appellant.

No. 7265. Argued June 8, 1936.—Decided June 12, 1936.

*Alejandro Lamour Rivera* for appellant. *González Fagundo & González Jr.* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Having a doubt whether the appellant might not justify his appeal we ordered a reconsideration (49 P.R.R. ____) The idea that we had was that the appellant could have been genuinely misled by reason of the pendency of a motion to render judgment on the pleadings. The appellant strongly urged that he was under the impression that he did not have to watch the calendar when such a motion was pending.

■ Unquestionably the attorneys ordinarily must apprize themselves of the setting of their cases and the manner in which the court goes about to set them. We question again whether the pendency of a motion for judgment on the pleadings, so frequently refused, would, where the case was at issue, relieve the party from following the settings of the calendar. It is not extraordinary for a court to dispose of certain pending motions on the day set for trial.

■■ The appellant in his motion for reconsideration in this Court said that he made no application to the lower court for a "reconsideration" because that court indicated to counsel that it would not be disposed to change its decision. What happened in this case was that the court, after overruling the motion for judgment on the pleadings, thus favoring appellant, heard evidence and rendered judgment against defendant-appellant. The proper motion would have been, not as we said in our opinion, a motion for reconsideration, but a motion to set aside a judgment under Section 140 of the Code of Civil Procedure, or otherwise. The order of the court overruling such a motion would, in our opinion, have been appealable, and we do not think that the appellant was relieved from giving the lower court the opportunity to correct.

On the 23rd of July, 1935, the lower court, on motion by the appellant, ordered the preparation of the transcript of the evidence within twenty days. We have nothing before us to show that the appellant took any step looking to the incorporation of the evidence after September 11, 1935.

Likewise, except for general statements, we have no real demonstration that the appeal is meritorious. The motion to dismiss was on various grounds, including frivolity and failure to prosecute with diligence, and should be granted.

Mr. Justice Córdova Dávila took no part in the decision of this case.